FILED
2017 Apr-12  PM 12:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLIFFORD WADSWORTH,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **BUFFALO ROCK COMPANY,** | ) | |
| | ) | |
| **DEFENDANT .** | ) | |

## COMPLAINT

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4).  This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA").  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 29 U.S.C. §621 *et seq.*, providing injunctive and other relief against age discrimination and retaliation in employment.

## II.  PARTIES

2.      Plaintiff, Clifford Wadsworth, is a citizen of the United States and is a

resident of Pinson, Alabama.

3.      Defendant, Buffalo Rock Company, is a corporation doing business in the state of Alabama.  At all times relevant to this action, Defendant has maintained and operated a business in Alabama.  Defendant is subject to the Age Discrimination in Employment Act in that it is engaged in an industry affecting commerce and has had twenty (20) or more employees for each working day in each twenty (20) or more calendar weeks in the current and preceding calendar years.

### III.  ADMINISTRATIVE PROCEDURES

4.      Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at Buffalo Rock Company.

6.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of age discrimination or subjecting Plaintiff to retaliation.

7.      On December 10, 2014, within 180 days of the last discriminatory and

2

retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.      Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on September 19, 2015, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.  Plaintiff filed suit on December 2, 2015, *Clifford Wadsworth v Buffalo Rock Company*, 2:15-cv-02194-RDP.  Plaintiff filed an Amended Complaint against Buffalo Rock on January 4, 2016 (Attached as Exhibit A). That action is currently pending.

9.      After filing his first Charge of Discrimination on December 10, 2014, Plaintiff was subjected to continual age discrimination and harassment until October 30, 2015, the date on which Plaintiff was constructively discharged.

10.      On April 19, 2016, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") due to Defendant's continuing violation of Plaintiff's rights pursuant to the ADEA (Attached as Exhibit B).

11.      Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on January 9, 2017, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue (Notice of Right to Sue attached as Exhibit C).

3

12.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTS

13.     Plaintiff hereby adopts and realleges paragraphs one (1) through twelve (12) herein above as if fully set forth herein.

14.     Plaintiff, Clifford Wadsworth, a 65-year old male, began working for Defendant on or around January 7, 1985 as a Production Line Supervisor.

15 .    Plaintiff was promoted several times and was working in the position of Operations Manager and Fleet Warehouse Safety Coordinator on August 5, 2014.

16.     Plaintiff received good evaluations and a raise while in the position of Operations Manager and Fleet Warehouse Safety Coordinator from June 2013 to August 5, 2014.

17.     In April 2014, Defendant attempted to implement a new program under the Warehouse Management System.  The structure of the program included hardware known as Advance Shipping Notification ("ASN") and was supported by software developed by High Jump Canada ("High Jump").  There was also a Voice Pick command system installed which was supposed to tell stackers what to pick and then to stack onto a pallet but the system operates both ways - it operates off of voice recognition commands but also gives commands.  From the time this system was

installed, there were insurmountable problems in trying to make it operational and eventually the entire system had to be pulled and replaced.

18.   Buffalo Rock's IT Technician, Steve Young, admitted that it was the system that did not work and the problem was not the employees trying to use the system.   Steve Young told Mr. Wadsworth that the system would never work properly.

19.   Despite Buffalo Rock's acknowledgment that the system never worked properly and would never work properly, Buffalo Rock nonetheless used this as an excuse to discriminate against Mr. Wadsworth based on his age.

20.   During approximately the last week of July, 2014, Sammy O'Dell, Division Support Manager, asked Plaintiff when he planned to retire.   Plaintiff responded that he planned to work until age sixty six (66) but, because Plaintiff felt some pressure by the question, he told Mr. O'Dell that he would let him know an exact date for retirement within a year of his planned retirement date.

21.   On August 5, 2014, Plaintiff was demoted to the position of Fleet Manager.  Plaintiff was no longer the Operations Manager, a position he had held since 2002 and a position in which he had received good reviews.   Plaintiff was replaced by an employee in his early 40's who was much younger than Plaintiff.

22.   David Carlee, General Manager; Sammy O'Dell, Division Support

Manager; and Kathy Patton, Human Resources informed Plaintiff of the demotion in a meeting.  Mr. O'Dell also informed Plaintiff and the others in the meeting that Plaintiff would be retiring in a year even though Plaintiff did not intend to retire in a year from that date.  Plaintiff corrected Mr. O'Dell and told him he was not retiring in a year but would provide a date of retirement within a year.

23.     Mr. O'Dell informed Plaintiff that he would suffer a loss of $100 per week in the next quarter if he didn't agree to the retirement terms Mr. O'Dell had stated in the meeting; that he would suffer a loss of $200 per week the following quarter and a loss of $331 per week in the third quarter if he was still working in the third quarter.  No reason was given to Plaintiff for the reduction in salary other than the fact that Plaintiff's salary would continually decrease the longer he worked and did not retire.  Plaintiff was also informed that he would no longer receive an incentive bonus after the August 5, 2014 meeting.  Plaintiff was blind-sided by the demotion as he had been given a very favorable evaluation within the past twelve (12) months and had not received any negative feed back or discipline since his last evaluation.

24.     Plaintiff believed that Buffalo Rock was trying to force him to retire because of his age as Buffalo Rock had done with other employees within the protected age class including Ray Cochran, David Carmichael, Chuck Burgess and,

later, Randy Billingsley.

25.     Plaintiff objected to the age discrimination.  Plaintiff sent Mr. O'Dell an email after the meeting telling Mr. O'Dell that he was concerned that Mr. O'Dell tried to set a date for Plaintiff's retirement in the meeting and that Plaintiff would set the date for his retirement, not Mr. O'Dell.

26.     After  Plaintiff's demotion, the age discrimination continued, leading Plaintiff to file his first Charge of Discrimination on December 10, 2014.  Between December 10, 2014 and the date Plaintiff was constructively discharged, October 30, 2015, Plaintiff was subjected to continual discrimination based on his age and to retaliation for objecting to age discrimination.

27.     After Plaintiff complained of age discrimination and filed an EEOC Charge against Buffalo Rock due to age discrimination, Buffalo Rock engaged in continuous violations of Plaintiff's rights based on discrimination due to his age and began a course of retaliation against Plaintiff due to his objections to age discrimination suffered by him.

28.  On December 16, 2014, Plaintiff received a Disciplinary Action for his alleged failure to report and/or investigate accidents and/or safety incidents.  Plaintiff denied the allegations and wrote on the Employee-Partner Disciplinary Action Form that he believed that the discipline was "another step of age discrimination;" that he

felt that "this is the next step of getting rid of me for what's going on and my age" and that "[a]ll and all [Plaintiff] feel this is harassment, and [Plaintiff] also feel[s] that this will continue until [Plaintiff is] fired." Defendant did not respond to Plaintiff's claims of age discrimination and, to Plaintiff's knowledge, Defendant did not undertake an investigation of Plaintiff's claims of age discrimination.

29.    After Plaintiff's third written complaint of age discrimination,[1] Plaintiff received a Performance Evaluation Report on January 21, 2015.  In that report, Defendant marked that Plaintiff needed improvement in the areas of "Quality of Work" and "Dependability."   In a written response, Plaintiff objected to the evaluation and, while he did not specifically allege that Defendant was discriminating against him on the basis of age or in retaliation for complaints of age discrimination, Plaintiff disagreed with the evaluation and stated that he was "sure these kind of evaluations will continue."   Defendant submitted, in it's Position Statement to the EEOC, a typed statement that was allegedly sent to Plaintiff after the evaluation from Sammy O'Dell[2] stating that he was not trying to pressure Plaintiff into retiring.

---

[1]Plaintiff complained of age discrimination, in an email to Sammy O'Dell, in August 2014 after he was demoted; he complained of age discrimination in his EEOC charge filed on December 10, 2014; and he complained for the third time, in response to the Disciplinary Action Form Plaintiff received dated December 16, 2014.

[2]The typed paragraph was allegedly sent via email but there is no indication on the piece of paper on which it was submitted that it was an email nor is there any "to" or "from" or "subject" information nor is there any date.

30.     Defendant has a history of making ageist comments and discriminating on the basis of age.  In November of 2008, James Lee, the owner of Defendant, had an annual sales meeting wherein he spoke about poor sales and made that comment that "Buffalo Rock is a young man's world."  Shortly after that, Ray Cochran, David Carmichael and Chuck Burgess, all senior employees, were fired.  More recently, Randy Billingsley and Tommy Simmons, both of whom are within the protected age group, were constructively discharged.

31.     On December 17, 2014, one day after Plaintiff received a Disciplinary Action Form and one day after Plaintiff complained of age discrimination for the third time, Mike Fanning, Coordinator (age mid 40s),  was working out with Mr.  Lee in the Corporate workout room.  Mr. Lee asked Mr. Fanning when Mr. Wadsworth was going to retire and then followed up by saying that Mr. Fanning would probably be the oldest employee left after Mr. Wadsworth retired.   Mr. Fanning relayed this conversation to Mr. Wadsworth.

32.     On April 10, 2015, Dennis Hennings from Corporate (late 40's) was conducting a Safety Audit and Fleet Audit.  During the day long audit, Mr. Hennings made derogatory remarks about Mr. Wadsworth's age several times, saying that Mr. Wadsworth was "as old as Moses."  Several key corporate people were in attendance yet no one did anything to stop this ageist remarks that Mr. Wadsworth found

offensive.  Sammy O'Dell, Division Support Manager (age 52); Mai-lyn Russell, Coordinator (age late 40s); Ronnie Harrison, Coordinator (age early 50s ); Gary Callahan, Operations Manager who took Plaintiff's position after Plaintiff was demoted (age early 40s); and Kathy Patton, Human Resources Representative (age mid 40s) were all witnesses who stood mutely by.

33.    From December 10, 2014 when Plaintiff filed his first Charge of Discrimination against Buffalo Rock, Plaintiff was exposed to continual ageist comments specifically relating to Plaintiff's age by decision makers for Buffalo Rock, creating a hostile working environment.  Further, Plaintiff was continuously retaliated against as a result of his complaints of age discrimination.  The age discrimination, hostile work environment and retaliation by Buffalo Rock continued against Plaintiff up until the date of his constructive discharge on October 30, 2015.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S AGE DISCRIMINATION CLAIMS

34.    Plaintiff realleges and incorporates paragraphs one (1) through thirty three (33) as if fully set out in detail herein below.

35.    Plaintiff is over the age of forty (40).

36.    Plaintiff was over the age of forty (40) when he was subjected to adverse

employment actions by Defendant, including, but not limited to, the unjust disciplinary action taken against him.  In addition, Plaintiff was retaliated against because he engaged in protected activity and complained that he was being discriminated against because of his age.

37.     Defendant subjected Plaintiff to adverse employment actions, including, but not limited to, the unjust disciplinary actions he received after complaining of age discrimination, in violation of the ADEA.

38.     Plaintiff was a good employee and qualified to hold his position.

39.     Plaintiff was replaced by a younger employee.

40.     Defendant subjected Plaintiff to adverse treatment with respect to the terms and conditions of his employment, including, but not limited to, his constructive discharge, in violation of the ADEA.

41.     Similarly situated younger employees were treated more favorably than Plaintiff.

42.     Plaintiff's age was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

43.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

44.     Defendant's illegal discriminatory, harassing and adverse actions injured

Plaintiff.

45.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

46.    Defendant condoned and tolerated discrimination, harassment and other adverse actions toward Plaintiff and other employees protected by the ADEA.

47.    Defendant's actions were in violation of the ADEA.

48.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, interest, liquidated damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

49.    Plaintiff has satisfied all administrative prerequisites to bring this claim.

## COUNT TWO

## STATEMENT OF PLAINTIFF'S RETALIATION CLAIMS

50.    Plaintiff realleges and incorporates paragraphs one (1) through forty nine (49) as if fully set out in detail herein below.

51.    Plaintiff engaged in protected activity and opposed the unlawful practices of Defendant made unlawful by the ADEA.

52.    Plaintiff had a good faith, objectively reasonable belief that Defendant

12

was engaged in unlawful employment practices and Plaintiff opposed these illegal practices.

53.     Plaintiff suffered adverse employment actions, up to and including harassment, hostile environment and constructive discharge, in retaliation for his protected activity.

54.     Defendant took the adverse employment actions against Plaintiff because of Plaintiff's protected activity.  Retaliation was the but-for cause of the adverse actions.

55.     Plaintiff has suffered damages as a result of the adverse employment actions.

56.     Plaintiff was a good employee and was qualified to hold his position with Defendant.

57.     Plaintiff avers that he has been unjustly harassed, denied pay, subjected to a hostile environment and constructively discharged in retaliation for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions he suffered.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by the Court.

59.     Defendant's actions were in violation of the ADEA. Defendant has a habit and/or practice of retaliating against employees who engage in protected activity.

60.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, liquidated damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief. Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant for violation of the ADEA and award Plaintiff the following relief:

a.     Grant Plaintiff injunctive relief including back pay, reinstatement and/or reasonable front pay (inclusive of pre-judgment and post-judgment interest), liquidated damages, interest, attorney fees and costs;

b.     Grant Plaintiff declaratory and injunctive relief; and

c.     Plaintiff prays for such other additional or different relief to which Plaintiff may be entitled.

## PLAINTIFF HEREBY REQUESTS TRIAL BY A STRUCK JURY

/s/Larry R. Mann
LARRY R. MANN
ASB-6625-M64L
Attorney for Plaintiff

**OF COUNSEL:**
Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: larrymann@aol.com

/s/ Prisca M. Rollins
PRISCA M. ROLLINS
State Bar I.D. No.:  ASB-6535-D67P
Attorney for Plaintiff

**OF COUNSEL:**
Law Office of Larry Mann
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: mannefile@gmail.com

**PLAINTIFF'S ADDRESS:**
Clifford Wadsworth
c/o Larry Mann
701 New South Saving Bldg.
215 North 21st Street
Birmingham, AL 35203

15

**<u>PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:</u>**

Buffalo Rock Company
34 West Oxmoor Road
Birmingham, AL 35209